IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JED STEWART LINEBERRY, | ) | |
| ID # 10296-078, | ) | |
|     Plaintiff, | ) | |
| vs. | ) | No. 3:08-CV-0597-G (BH) |
| | ) | ECF |
| UNITED STATES OF AMERICA, | ) | Referred to U.S. Magistrate Judge |
| et al., | ) | |
|     Defendants. | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

**I. BACKGROUND**

On or about April 7, 2008, Plaintiff, a federal prisoner currently incarcerated in Federal Correctional Institution (FCI) Texarkana and formerly incarcerated in FCI Seagoville, filed the instant action against the United States of America and the Federal Bureau of Prisons (BOP). He purports to seek monetary damages and broad ranging injunctive relief against defendants under 42 U.S.C. § 1983 and the Federal Tort Claims Act (FTCA) for two attacks on him by other federal prisoners as a result of alleged overcrowding at FCI Seagoville. Plaintiff claims that his injuries resulted from official policies of defendants:[1] (1) to place a "management variable" on him so as to place him in a low security prison facility rather than at a camp facility; (2) to massively overcrowd all federal low

---

[1] Plaintiff also mentions that FCI Texarkana has a policy to block access to the prison grievance procedure. Because such claim occurred in a different venue and is currently part of a separate civil action by Plaintiff regarding matters that have occurred at FCI Texarkana, *see Lineberry v. United States*, No. 5:08-CV-0072-DF-CMC (E.D. Tex. filed Apr. 22, 2008) (complaint), the Court does not consider the mention of such policy as an attempt to raise the claim here.

security institutions; and (3) to place in low security facilities inmates who are illegally in the United States. No process has been issued in this case.

## II. PRELIMINARY SCREENING

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from a governmental entity, plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

Plaintiff seeks monetary and injunctive relief against the BOP and the United States under 42 U.S.C. § 1983 and the FTCA as well as immediate release.[2]

## III. SECTION 1983

Section 1983 provides a federal cause of action and affords redress for the "deprivation, under

---

[2] Immediate release is not obtainable through a non-habeas civil action.

2

color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). Because Plaintiff has alleged no constitutional violation by any state official, § 1983 provides no basis for this action. Although *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) may provide an avenue for relief against offending individual officers for parties seeking redress for constitutional deprivations by federal actors, *Bivens* provides no basis for relief against the United States or its agencies. *See Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 72 (2001); *FDIC v. Meyer*, 510 U.S. 471, 484-86 (1994). Plaintiff's complaint fails to provide a plausible basis for relief for alleged constitutional deprivations, and should be dismissed with prejudice to that extent.

## IV. FEDERAL TORT CLAIMS ACT

"Congress enacted the FTCA as a limited waiver of the sovereign immunity of the United States." *Johnston v. United States*, 85 F.3d 217, 218-19 (5th Cir. 1996).

> The FTCA gives federal district courts jurisdiction over claims against the United States for money damages "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

*Sheridan v. United States*, 487 U.S. 392, 398 (1988) (quoting 28 U.S.C. § 1346(b)).

Here, Plaintiff sues the BOP as well as the United States. Because "[a]ll suits brought under the FTCA must be brought against the United States", the FTCA claims against the BOP should be "dismissed for lack of subject matter jurisdiction." *Atorie Air, Inc., v. Fed. Aviation Admin. of U.S. Dep't of Transp.*, 942 F.2d 954, 957 (5th Cir. 1991).

As to Plaintiff's claims against the United States, it is not apparent from the complaint that

it falls within any of the exceptions set forth in 28 U.S.C. § 2680 that limit the liability of the United States under the FTCA, and a particular case may present a question of fact regarding the applicability of a given exception that precludes summary disposition. *See Ashford v. United States*, 511 F.3d 501, 504-05 (5th Cir. 2007). At this early stage of the litigation, Plaintiff's FTCA claims against the United States should be allowed to proceed.

## V. RECOMMENDATION

For the foregoing reasons, the District Court should summarily **DISMISS** Plaintiff's claims under 42 U.S.C. § 1983 against both defendants with prejudice for failure to state a claim upon which relief can be granted. The District Court should also summarily **DISMISS** Plaintiff's FTCA claims against the Bureau of Prisons for lack of subject matter jurisdiction. Plaintiff's FTCA claims for monetary damages against the United States should proceed and process should issue as to such claims.

**SIGNED** this 15th day of May, 2008.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on plaintiff by mailing a copy to him. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE